———o———

HENDERSON N. KELLEY, Defendant in Error, *v.* HIRAM BLACK-LEDGE, Plaintiff in Error.

*Referee—Report of set aside, when.*—To authorize a court to set aside a report made by a Referee, there ought to be at least evidence that the finding was unjust, or an affidavit of merits by the party attacking the report.

*Error to Ste. Genevieve Circuit Court.*

*Robbins, Clardy & Cahoon,* for Plaintiff in Error.

ADAMS, Judge, delivered the opinion of the court.

This was a suit for settlement of a partnership account between plaintiff and defendant.

The case was referred to a Referee to take the account, who set a time for hearing the case, and being sick adjourned it to another day.

The defendant failed to appear at the appointed day, and the Referee proceeded *ex parte,* and reported in favor of plaintiff for several hundred dollars.

The defendant excepted to the report upon the ground that no notice had been given of the appointed day, or of the adjournment, and on the trial of the exceptions evidence was given on both sides in regard to the notice and adjournment.

8—VOL. LI.

The evidence was contradictory, and the court upon the evidence given, overruled the exceptions. There was no evidence given, or affidavits made, of any meritorious defense against the result found by the Referee. The plaintiff remitted one hundred and twenty-five dollars of the amount found, and the court thereupon confirmed the report and gave judgment for the balance.

The exceptions seem to have been fairly passed on by the Court, and we see no reason to disturb the judgment. To authorize a court to set aside a report ,made by a Referee, there ought at least to be evidence that the finding was unjust, or an affidavit of merits by the party attacking the report.

Judgment affirmed. Judge Wagner concurs. Judge Bliss absent.